Upon review of the record and procedural history of this matter with respect to the errors assigned, the Full Commission finds good ground to reconsider the prior Orders which are the subject of this appeal. Due to the length and complicated nature of the procedural history of this case, a review of the rulings giving rise to this appeal is appropriate.
On 17 November 1997, Deputy Commissioner Margaret Morgan Holmes filed an Order for Distribution, ordering plaintiff to distribute third-party funds to defendant and further ordering plaintiff to pay $500.00 to defendant as attorney's fees. This Order by Deputy Commissioner Margaret Morgan Holmes references a prior Order of Distribution by former Commissioner James J. Booker, filed 4 January 1995, and notes as justification for sanctions that plaintiff has yet to comply with said prior Order.
Additionally, on 17 November 1997, Deputy Commissioner Margaret Morgan Holmes filed an Order compelling plaintiff's compliance with a prior Order and defendant's discovery requests by filing verified responses. Further, as a sanction for his failure to comply with the Commission's 25 June 1995 Order, plaintiff was ordered to pay a second $500.00 attorney's fee to defendant.
The 18 December 1997 Order by Deputy Commissioner Margaret Morgan Holmes denied Plaintiff's Motion to hold the Deputy Commissioner's prior Orders in abeyance, or in the alternative, to allow for a Voluntary Dismissal Without Prejudice and gave plaintiff an additional ten (10) days to comply with the Orders filed on 17 November 1997.
***********
After careful review, the Full Commission finds that the Order for Distribution and Sanctions filed on 17 November 1997 was filed in error and is hereby VACATED. Until such time as the United States District Court determines the amount of the lien held by defendant, plaintiff cannot be compelled to distribute third-party funds. Likewise, although not appealed from, the 4 January 1995 Orders by former Commissioner James J. Booker were also improperly filed and are hereby VACATED. Defendant may use discovery in the future to ascertain from plaintiff the status of the claim and/or motion pending in the federal court.
As for the Order of 17 November 1997 dealing with discovery, plaintiff has failed to show good ground on appeal as to why he should not have to comply with a prior Order ordering compliance with the Rules of the Industrial Commission. Industrial Commission Rule 605(a) requires that answers to interrogatories be given "under oath." By plaintiff's own admission through the documents attached to his brief to the Full Commission, his answers were not verified and, therefore, failed to comply with Rule 605(a). Without such verification, plaintiff's purported answers cannot be considered as evidence. Accordingly, the 17 November 1997 Order that plaintiff file verified discovery responses and related sanctions is AFFIRMED.
Finally, the 18 December 1997 Order by Deputy Commissioner Margaret Morgan Holmes insofar as it orders plaintiff to distribute third party funds is hereby VACATED.
Each side shall pay its own costs.
 S/_____________ RENEE C. RIGGSBEE COMMISSIONER
CONCURRING:
S/_____________ LAURA K. MAVRETIC COMMISSIONER
S/_____________ THOMAS J. BOLCH COMMISSIONER